With your argument next. In numbers 21 9 32 21 9 37 21 9 50 21 9 92 Good afternoon, your honors. May it please the court. My name is Edward Zass. I represent Mr Kalani and Mr Did I on these consolidated appeals? Counsel for the three other appellants have made the questionable decision to see their argument time to me to argue on behalf of them without any objection from the government. Given this court's recent decision in United States against Laurent. The issue I'd like to focus on today is. Whether the New York offense of second degree grand larceny by extortion. That's New York penal law. 155 point 40 subdivision two is a section 9 24 C crime of violence after the Supreme Court's decision in Davis. If it is not. Appellants 9 24 C convictions. Would have to be reversed because the government does not claim that any other. Crime of violence is included within count one the Rico count, which was the sole predicate. For the 9 24 C charge. To qualify as a 9 24 C crime of violence after Davis. An offense must have quote as an element. The use attempted use or threatened use of physical force against the person or property of another. That's the elements clause of the force clause. New York extortion. Does not qualify for two reasons. First. The crime can be committed by instilling fear of purely economic harm. Without any actual attempted or threatened physical force. And I think the government and the district court did not dispute that point. Second. The New York extortion statute. When I talk about the New York statute talking about 155 point 40 sub two. That statute is indivisible such that the pure categorical approach applies. So your whole argument relies on it being indivisible, right? Because if it were divisible. Then there would be an element like you'd have to be convicted of causing physical injury to some person or causing damage to the property, right? Well, there are really two are instilling a fear that you're going to cause physical injury or cause damage to the property. If the court were to rule that the statute is divisible. So that it contains three separate crimes rather than one. Then that modified categorical approach could be applied. But we still have another argument, which is that. And that would be an instructional error. There still was an instructional error. And the court would have to decide whether the jury necessarily convicted. Based on the prong of the statute that does qualify still as a crime of violence. So we're not out of the woods. Even if the modified categorical approach applies. But first I wanted to convince you or at least try to convince you that the modified approach doesn't apply. So the place to start as always is with the text of the statute itself. And rather than read it to you, you're familiar with it. Is the second prong which allows for extortion to be committed by instilling in the victim. A fear that the actor or another person will. A, cause physical injury to some person in the future. Or B, cause damage to property. Or C, use or abuse his position as a public servant, etc. Which I can, it seems to me as the extortion under color of official right would be the analog in the Hobbs Act context. So this provision is a little opaque. Doesn't really answer one way or the other. But there's nothing in it to suggest that each of these ways of committing extortion is meant to define a separate criminal offense. In other words, if a jury were to ask a question during deliberations. If half of us think that this was extortion, that the person was afraid of physical injury. And six said, no, we're not sure of that. But we are convinced that the person was afraid that his property would be damaged. And they asked the judge, is that a conviction or do we have to be unanimous? The government is saying, it's not a conviction. You all have to agree on the particular element, the government says. This is an element. Therefore, by definition, the jury has to be unanimous. That, we've looked in the cases and we found no case that even suggests that these are separate crimes. There's no case really directly on point. So we went and looked at the pattern instructions to find out what the elements are. And it's cited in our brief. And there's nothing in those instructions that breaks out this A, B, and C subdivision as separate crimes. So there's nothing in the charge that says the jury has to be unanimous. And I think that makes a lot of sense that it wouldn't have to be unanimous. Because in many cases, there's going to be an overlap between. But don't all these subsections have different elements? Well, that's the question. You mean all the elements within the larceny provision or within this particular statute? In the particular statute. But in the specific extortion statute that we're looking at or elsewhere? Yes. Well, that in some ways is a question, right? That's the ultimate question for divisibility. Are A and B and C alternative elements or are they just alternative ways of committing the crime? And so, you know, the Supreme Court in Mathis, one of the big disagreements between the majority and the dissent was whether it's going to be easy for courts to administer the categorical rule. The majority thought it would be fairly straightforward because there would often be state authority, authoritative decisions directly on point telling a federal court whether it's an element or simply a means. Now, the government hasn't pointed to any. There are alternative elements. They're going to be alternatives, right? Like whether you are instilling fear that you're going to cause physical injury to a person, instilling fear that you're going to cause damage to property, or instilling fear that you're going to abuse your position as a public servant. It's not overlap between those. Well, no, I think that's wrong. I mean the terms are different, but in many cases, including in this case, someone may try to obtain property through a threat that could put someone in fear of having their legs broken, but it also could be fear that their windows will be broken. And so in many cases, there is going to be overlap. And there's not only overlap between the... There might be overlap in cases, but there's no overlap. Like it's not like these are different degrees of the same conduct. These are alternative conduct. You're saying as a practical matter, in some cases, you might have somebody who is accused of doing more than one of the things. And so in a particular factual scenario, they might have done more than one of the things. But don't we say usually when there are alternative and disjunctive elements that they're completely different? We're more likely to read that as divisible, aren't we? No, I mean, it is certainly true that for a statute to be divisible, it's necessary that things be phrased in the disjunctive as alternatives. But that only begs the question, as alternative what? Are they alternative means? Or are they alternative elements that the government has to prove beyond a reasonable doubt? How do we tell? How do we tell whether it's a means or not? Well, we have to look at all the sources that Mathis tells us we can look at. So let's call those the Mathis tools. And we start with the text, which is somewhat opaque here. But if that doesn't make it clear, then you go and look at some of the cases in New York interpreting the statute. There is none directly on point. You can look at the model charge, which we identified. But importantly, I think you can look at the actual documents in this case. So the government's indictment included both theories within the very same sentence, within the very same count. It didn't break them out as two separate crimes. I think that's powerful evidence. But that can't be dispositive. I mean, the applicable legal rule can't be extrapolated from a government charging document, can it? Well, I agree it's not dispositive. But it is a clue. That is, if the government could point to cases or indictments, either their own indictments or state indictments, that charge them in the way the government's position would require them to be charged, that is as separate crimes, separate counts. So you would have count one, extortion by means of causing physical injury. Count two, extortion by means of causing damage to property. That would be some support. I'm not saying it's dispositive. But that would support the government's position that these are, in fact, separate crimes. But if we were to write a rule that purported to distinguish between means and elements, what would the rule sound like? What would the rule be? I mean, it can't be that we, you know, meander through various documents or prosecutions and pick something that satisfies you. What's the difference you're urging on us? Well, first there- What's the rule of law that we should think about in order to distinguish between means and elements? Just as a preliminary answer, Your Honor, let's just be clear. So elements are those things that have to be proven beyond a reasonable doubt. Means are not. Means in ways can be just alternative theories of how one commits a single crime and doesn't require unanimity. Having said that- This could easily be both. Is where it's troubled me all week. I'm sorry, are you saying that these can be both? Yeah. It's possible. It's possible. I mean, if the government were putting on a property damage case, the case would look very, under clause B, the case would look very different. The charge would be very different. The proof would be very different from a case brought under subparagraph A. I don't agree with that, Judge. I mean, here it was brought under both A and B together as a single predicate act, as a single state offense. The proof was both damage to property. There was plenty of evidence of defendants breaking into illegal gambling establishments, and breaking tables, and breaking slot machines, and locking doors, and causing property damage. If it were just A and B, then it would be a crime of violence because that involves the use of force. But it's the presence of C, which is the abuse of a public position? No, Your Honor. Certainly C is not categorically a crime of violence. But B is not a crime of violence either because, as we pointed out, the damage to property under New York law, and as the jury was charged, is not limited to physical property. That is someone taking a sledgehammer to a house or something. You can cause damage to property under New York law by withholding business, by saying bad things about a company. They can lose intangible rights. So that does not qualify. What the government would need to show is both that this statute is divisible and that the jury necessarily convicted based on A. And not only subdivision A, but that it was substantive extortion, and they didn't just stop at conspiracy to commit extortion. With respect to your latter point, the district court charged the jury with respect to brandishing, that the jury needed to find that there was a fear of violence, which wouldn't cover the types of damage to property that you're now talking about. Judge LaValle, it wasn't a fear of violence, but that the gun was either displayed or referred to for the purpose of intimidation. And that is where the court used the word violence in the charge, defining brandishing. It may be. I don't recall, but I'm not sure it matters. Your question, Judge LaValle, goes to a separate portion of my argument, which I alluded to earlier. That question doesn't really go to whether the categorical approach applies or whether the statute is divisible. As I understand your question, Judge LaValle, it's about whether an instructional error here was prejudicial or not. And, yes, Your Honor is right. The jury was told that it had to find brandishing in order for the 924C enhancement to apply. But the jury was not told that the brandishing had to be in connection with a substantive extortion. The jury was allowed to find just that there was a conspiracy to commit extortion and that the gun was displayed for purposes of intimidation at some point in the course of the conspiracy or on occasions in the conspiracy. So I don't think that it follows from the fact that the jury found brandishing that they necessarily found substantive extortion. But just to return to my main point, it doesn't matter what the jury actually found as a factual matter. What matters is what they were legally required to find as a matter of finding the elements of the offense. Can I ask if we were looking at 155.052E where it defines larceny by extortion and then has the longer list of all of the different either elements or means, whichever. Yes. Do you dispute that that is divisible? Because obviously some of those lead to liability for grand larceny and some of them lead to other kinds of liability. So it's got to be that these are elements, right? No, Your Honor, I don't agree with that. I mean, this is a definitional provision. I think if you read this in conjunction with there's a special pleading rule at 155.45, same section, that makes clear that the only thing that has to be specifically charged in the indictment among these is extortion. It's considered a special form of larceny. The other larcenies, you don't have to specify a particular subdivision of the definition. But it leads to different forms of liability. Why would you not? When you say that you don't have to, according to what authority? Well, according to 155.45, and I can give you a state case. I thought I could give it to you. I'll look for it while my adversary talks. Okay, that's fine. But my point is there are different penalties only for three acts of extortion, not the other group. So there are essentially two groups. There's the extortion that just triggers the baseline fourth-degree larceny. That includes everything. And then there are three that the legislature has said essentially make an aggravated form of extortion. And those are the three identified in 155.40 Subdivision 2. So, yes, Your Honor is right that some portion of these offenses must be specifically charged and proven beyond a reasonable doubt. Right, so if we have a long list and some of them must be specifically charged and proven beyond a reasonable doubt, that must be divisible. But then you're saying among the three that amount to grand larceny, it becomes indivisible. Is that your argument? Yes. Well, among those three, there's no requirement that the jury be unanimous as to which one. Among the three. Among the three, right. And just to go back to Judge Parker's. But when you have the long list in 155.052e, you would need to be. That's right. So if you. It's a little odd, right, if it becomes divisible and then it becomes indivisible. No, I don't think so. I'm trying to think of an analogy, but I think in the drug context, there are some substances or some quantities of substances that trigger higher penalties. So let's just say those are heroin and cocaine and PCP and those are group A. So those would have to be found by a jury beyond a reasonable doubt in order to trigger the higher penalties of group A. But a jury doesn't have to then be unanimous as to whether among those. You know, I understand. It's terrible. I understand the argument. I'm just saying if we think that it's divisible and that there are elements for the purposes of 155.052e. Yes. It's a little weird to have a similar list in 155.40 and say that it becomes indivisible. But I understand that logically it's not required that that not be the case. Right. And there's no inconsistency. I mean, it's not. It's still not divisible within itself. So this may be helpful or not. And stop me if it's not. But if we look just to put this in context at the let's call it the default extortion crime in New York, which is 155.30. Right. That's grand larceny in the fourth degree. And subdivision six covers extortion. And it says the property, regardless of its nature and value, is obtained by extortion. And there's nothing more in this statute that tells you what that means. So a prosecutor could charge any of the nine types of extortion listed in 155.05, the definitional provision. Right, to meet that definition. Here. That might be why they've listed it out all together. Yes. So that they later can refer to just the idea of extortion and have the whole list. That's right. You have the whole list. But that suggests that you've created a list that includes multiple crimes. Well, no. It includes multiple ways of committing. But it's not multiple. I mean, larceny, grand larceny is a different crime, right? Yes. From larceny. Even though the elements of grand larceny are included in the definition of larceny. Well, there's two grand larcenies, just to be clear. So there's grand larceny in the fourth degree and there's grand larceny in the second degree. Okay. Fine. Grand larceny in the second degree. It's a separate crime than grand larceny in the fourth degree. Even though the different elements are listed all together in 155.052E. It's an aggravated form of baseline felony larceny. But my point is if the prosecutor were to try an extortion case under 155.30, there's no requirement that the jury be advised about one particular form of extortion rather than the others. That's not typically read into different ways of committing the crime. And Subdivision 9 of the definitional provision, I think, is sort of a catch-all provision to cover lots of extortion. To me, it does not read, it's meant to capture a whole bunch of things. You wouldn't normally see a big catch-all provision if it were meant to set out a separate offense. But more important than what it means to me, to go back to Judge Parker's question, how do we answer this question? One thing the Supreme Court has said to look for, and this Court has said in Harbin, is are the penalties the same? So that, in Judge Manasci's question, goes to this, too. Yes, if there were only one way of committing extortion that triggered the higher penalty, that would, under Apprendi and other cases, would have to be an element. It would have to be found by a jury unanimously. But because there are three, you're saying that becomes indivisible. Yes. I mean, I wouldn't say it becomes indivisible because I don't think it's – No, right. It's all – It must be indivisible. It's all – I'm saying becomes because the list in 155.05.2e seems to be divisible. Well, so I think if you look at the pleading rule that I cited you early, 155.45, which is not in the briefs, but it's something I saw, the gist of this is that other than extortion, you don't have to plead and prove larceny under a particular theory. Right. And so what I'm saying is the other parts of the definitional provision are clearly not divisible. And so if the legislature meant for extortion to be divisible, in other words, it lays out a whole bunch of different offenses, it could easily have included within this pleading rule something that said you have to lay out how the extortion was committed or the theory of extortion. To go back to Judge Parker's question, I think this is a difficult issue with no clear answer, but we have given you clues. You're hopeless. I'm trying. But it seems to me that there's a possible flaw in your argument, which is that the fact that a complex statute like this one or like RICO might be indivisible for certain purposes at certain instances doesn't mean that it's indivisible for other aspects of it. I mean, the argument that you're making now would apply to RICO generally because extortion is a part of RICO. And you're saying that in certain circumstances where the question is whether an extortion was committed by this means or by that means, the New York extortion statute is indivisible. Well, that is a part of RICO. The fact that you have pointed to a part of RICO as being indivisible doesn't make all of RICO indivisible. And the same is true, the fact that you have pointed to aspects, if we agree with you, that in certain respects the extortion statute is indivisible, that doesn't mean that the extortion statute is indivisible in all respects. Let me see if I can address that point this way. Our position is that the statute that's crucial here, this statute, 155.40, subdivision 2, is indivisible, period. It's not divisible in some situations and not others. That's not how the categorical approach works. It either contains three separate crimes. You're talking about grand lawsuit? Yes. Let me get to a grand lawsuit in the second degree. Yes. All right. That's the crime that the government says is divisible. So it has three separate, there are really three separate crimes buried in paragraph 2. So I'm not sure how RICO is relevant to this at all. RICO, in Laurent, RICO held, the court held, I'm sorry, that RICO is divisible. And we accept that ruling for purposes of this argument. But the question then under Laurent is, is this predicate act a crime of violence or not? And if it can be committed in ways that do not require the use, attempted use or threatened use of physical force, then it does not qualify, period. So I don't see, I think it's the government that's turning this into a sometimes it is, sometimes it isn't situation. Well, subparagraph C obviously doesn't involve violence. That's correct. That's correct. And for that reason alone, you could say we win. If it's indivisible, there's, you could say that it's categorically doesn't qualify because of the third C doesn't meet the test. If it's indivisible. That's right. I'm sorry, if it's. Because this section includes one way of committing the crime, that clearly doesn't involve force violence at all. Categorically, it fails the test. So what about 155052E? Going back, yes. There's also a conviction under that provision. Do we regard that as divisible or indivisible? Pardon me, could you just repeat your question? Oh, 155052E. So let's say we're looking at just the conviction for under 155052E, not the grand larceny conviction, but the extortion. 155.05. 2E. That's the list, the whole list. 2E says that, you know, it defines larceny by extortion and then it explains nine different ways one can commit larceny. Right, so we spoke about that. Yes. So if we're looking at a conviction just under that statute. So some of them could be grand larceny in the different degrees. Can we regard that as divisible? It seemed like the district court was focused on that, right? Some of these crimes have to be divisible if they're charged, in order for them to be charged as the aggravated form. Because by definition, they're triggering a higher statutory penalty. So what I'm saying is, yes, three of the most serious ways you commit extortion have been made elements because they trigger higher penalties. But within those three. Right, so those three are elements. So then 155052E, at least three of them have to be considered elements because there's a higher liability. Doesn't that imply that the list is of different elements? No. They're only elements when they're charged under 155.40. If they were charged under 155.30, they wouldn't be triggering. It wouldn't be because you could be convicted of any of them. Yes, and it wouldn't increase the penalties. Right. So I want to just throw out, if the court is not persuaded, I mean, I should say the standard really is one of certainty for the categorical approach. And it really is the government's burden to come forward and say, it's not just that it's possible this is three different crimes with no case to support it, but that, in fact, it's, you know, with some confidence. And they haven't done that. But if you're really struggling and you can't find any more tools than I found, the court may have the option, may wish to exercise the option to certify this question to the New York Court of Appeals, which I think you could properly do and say. And to ask them specifically what? It would be, the gravamen of the question would be, are these elements of separate crimes upon which the jury would have to be unanimous, or are they just different means of committing the single crime of grand larceny in the second degree? I think that's available. And if you were sitting where we are and had to, you know, try to cut this Gordian knot and give the ball, give you, ladies and gentlemen, more guidance on this confounding issue between means and elements, what would you urge us to say? Well, you know, I'm afraid, Judge Parker, that we only have a limited amount of tools. I mean, ultimately, this is a question of statutory interpretation. Right? In the end, it's did the New York legislature, in enacting this provision, intend to create three different crimes or just one crime with three different ways? That is the question, yes. That is the question. I would venture to say the answer to that would be the New York state legislature gave no thought to that. Well, I can only, I can give you a couple of, I think it's a tool to say, well, does this really make sense? So if the government is right and someone threatens both physical harm and damage to property, well, there's some evidence of both. I think that would necessarily mean that, in the government's view, a person could be charged and convicted of two separate crimes, even though they occur at the same time or within minutes of each other. I don't think that, there's nothing in the text or in the history or in the cases to suggest that that makes any sense. And, by the way, it's going to make the prosecutor's job, at least in New York, much harder, because they're going to have to charge it if, I suppose, if they're deferring to a ruling by this court that these are elements. It could seriously affect the way cases are charged in New York, and the prosecutors in New York will have to actually prove unanimously that it's one way of committing the crime than another. I'm not sure they're going to be happy with that. Okay, well, I think we have that argument. You're going to have more time on rebuttal. Thank you. So why don't we hear from the government and we'll hear from you again. Thank you so much. So let's turn to the government. Mr. Jones. May it please the court. Like Judge Cote found in her decision below, extortion under New York law is not a single crime, but is instead nine distinct crimes defined in separate subsections of the statute. The structure of this law, that is, delineating distinct elements of the distinct crimes in different lettered subsections, and then separating those lettered subsections with the word or, is the hallmark of a divisible statute. It's something that this court has repeatedly found when it held similarly structured New York penal laws were also divisible. The appellant's counsel have cited no examples, and the government is also aware of none, where lettered or numbered subsections were found in an indivisible statute. So to the question earlier, where is a rule that can be drawn, I believe this is one. Or always helps. Or helps. The lettered subsections help. I'm not here to say that they are necessary, but I would say they are sufficient here, because they give the prosecutor, they give the court, they give them the sufficient information to know that these are distinct elements of the crime. This is the analysis that this court. Would there just be a fixed rule that whenever the subsections are lettered, it becomes different, it becomes elements, and they're all distinct crimes? At least in the case here. You can't have a statute that identifies the different means of committing a crime where they're lettered or numbered? So I would not suggest that the court, with the one case presented before it, needs to adopt such a rule. I am saying, though, here, that with those subsections lettered, with the other structure of the law, which I'll go into in a minute, all of that. And also disjunctive is important, too, right? The disjunctive, the subsections, that all matters. That's all what the court saw when it defined robbery under New York law as divisible. It's what the court saw when it defined assault under New York law as divisible. It's what it saw in the en banc decision and Scott talking about manslaughter as divisible. It's what it saw when it defined sexual abuse under New York law as divisible. We cite all of these cases at page 25 in the red brief. And I think where we can really drive this home is to compare those divisible laws with the instance where the court found an indivisible law. And that is Harbin, a case cited extensively by the appellants here. Harbin dealt with the criminal sale of a controlled substance in the fifth degree. I will read you the entirety of that section, which says, a person is guilty of criminal sale of a controlled substance in the fifth degree when he knowingly and unlawfully sells a controlled substance. That's the indivisible law. That's not what's here. So it's unquestionable that New York extortion is divisible. It is not a single offense with various means. As Judge Cote pointed out, six of the crimes of extortion give liability to fourth degree grand larceny. The other three give liability to second degree grand larceny. So it's already divided there. And I think this goes to the point that was being asked earlier. Does it make sense to divide the six from three? Then look at the disjunctive nature of the second degree statute and say, but are those three indivisible from each other? I was asking that question. But the answer to it was, well, if you're just charging 155.052e, then it would be indivisible because it doesn't matter which one you do in order to get liability under 155.052e. And so it's only when you're charged with 155.40 that it matters whether you've done one of those three. I think the charging document, and admittedly I'm not a New York prosecutor, but I believe the charging document here would say second degree larceny by extortion in violation of 155.052e, then would list, and I believe it's sub I, but the sub that is threats of personal injury. That's I, physical injuries of some person in the future. Is that what you mean? Yes. And so that would list, the charging document would list that subsection as well as 155.40 subsection 2a, because it is the second degree grand larceny statute that sets out the penalty there. So the charging document would reference both. That's not uncommon. That's exactly what the New York robbery statutes that this court has found divisible do as well. It's what the federal law for felon in possession, for example, does where you reference. So the charging document here says 155.402a. Does it also say 155.402b? So the indictment here, because it's the racketeering indictment, the language does say racketeering in violation of 155.05 and 155.40. Now, admittedly, it did not go further. The indictment here did not make the further distinction, because in the pre-Davis era, this wasn't something that was being thought about. And so we will, you know, I can come to that when we talk harmlessness. But there was a point made earlier that the penalties of laws, this statute is indivisible because it describes one set of penalties. That's misapplying the penalty fact. If the penalties are different, the statutes are divisible. It does not follow that if the penalties are the same, the statute is indivisible. What about the catch-all provision? So that's not a bad point. 155.052e9 says perform any other act which would not in itself materially benefit the actor, but which is calculated to harm another person materially with respect to its health, safety, business, calling, career, financial condition, reputation, or personal relationships. It's sort of weird to talk about a separate crime in terms of the kind of a catch-all provision. Would a New York prosecutor just charge somebody with 155.052e9 and say they did a miscellaneous act and therefore they're guilty of miscellaneous larceny by extortion? That exception seems to prove the rule. The eight then are not the catch-all. The eight are distinct crimes, very different ways of committing extortion, very different extortionate crimes under New York law. And then what you're left with is a catch-all. So you're saying that they're divisible among each other but not from nine? Well, that nine is not separately indivisible. So, for example, nine says, you know, that an act that might be materially would harm another person materially with respect to his health, safety, business, calling, career, financial condition. But I wasn't saying it was divisible within itself. I'm talking about its divisibility from the other eight. So each of those eight are divisible from each other. Or, sorry, each of the nine are divisible from each other. Plus you're saying you would. You would charge somebody with a violation of 155.05.2e9. Yes, and then that would be. Miscellaneous extortion. Yes, that would be charged and then that would be brought to court. And you have to prove that it's any other act which would not in itself materially benefit the actor. So you would actually prove it's not covered by one of the other subsections. I'm unable to speculate that much.  Okay. So. Just the general point that that's a weird way to define a crime as a kind of a catch-all. We think that these are nine separate crimes. I guess your answer is, well, the legislature wasn't thinking about that and we have to read in this distinction. That is correct. But is that really. I'm not sure that the ninth, the catch-all as it's being called here, goes to any manner to disproving the divisibility of the other eight. Your argument and the district court's argument was because there are three that amount to one type of grand larceny as opposed to the others, it implies that all of them are divisible. It does. So if there's one that doesn't look like it can be divisible from the others, it might imply something about the others, too. It might. I would note that certainly the court's not being asked to decide the divisibility of 155.30, which is fourth degree grand larceny by extortion. I think the arguments would be the same there since it's charged with reference to both statutes that it is also divisible, but that's frankly not what's being asked of the court. Suppose we find this statute is divisible. What are the consequences, if any, for your case? So if this statute is divisible, then the question becomes the harmlessness of the instruction. So talking here... If it's divisible, the instruction was wrong. If it's divisible, the instruction was correct pre-Davis and is wrong today, yes. The instruction... So when it's divisible, the jury was properly instructed in part... The jury would have been properly instructed that it could find the defendants violated section 924C if the jury found the defendants used a firearm while committing an extortionate act involving threats of physical injury. And post-Davis, that's still valid. The other parts of the jury instruction also allowed the jury, again proper pre-Davis, that it could convict on the same 924C count if it found the New York extortion or the New York extortion racketeering act had been proven by threats of property damage or by a conspiracy to commit extortion. Post-Davis, those don't qualify. The law of the circuit here is very clear that when the jury is instructed on multiple theories of liability, one or more of which is no longer valid, that error is harmless if the jury would have necessarily found the defendants guilty on one of the properly instructed theories of liability. In Warrant, the case that decided the RICO matter here, that same harmless error analysis was applied. So here, the instructional error was clearly harmless. The jury necessarily found the appellants committed one or both New York extortion racketeering acts by threats to cause physical injury. That is subsection A. The jury made— What is the pertinence of the definition in 924C, which includes within the scope of crime of violence, harm to property? Physical force against person or property. So the issue here becomes one of New York law. If the New York subsection B were different and only covered physical damage to property, then subsection B would also be a post-Davis crime of violence. But we do agree with the appellants that it can cover nonviolent economic harm only. So because it says cause damage to property as opposed to say cause physical damage to property, it's not a crime of violence? That's correct. And this was—I don't have the citation now, but this was something that when dealing with the 2255 in the district court, both sides researched and agreed with based off of some New York law that I believe is cited in the appellant's brief. So— But it says physical force against person or property. Yes. And so here— Not physical force. If there was the physical force under subsection A of the New York extortion statute, which would be a threat or attempted threat of physical force against a person. So the jury came back unanimous on brandishing. The brandishing instruction as given by Judge Cote reads, to brandish a firearm means to display all or part of it or to otherwise make its presence known to another person in order to intimidate or advise that person that violence is imminently and immediately available, regardless of whether or not the firearm is visible. Judge Cote then instructed the jury they had to be unanimous on that part—on that finding. So the jury— What about Mr. Zassa's argument that the jury just needed to find that they brandished a gun at some point in a legal conspiracy but it doesn't necessarily tell us what form of grand larceny they committed? There is no rational jury, Your Honor. They could find that the defendants brandished the gun as part of an inchoate conspiracy. The moment they threatened the victims with the gun, the conspiracy had moved past that point. They were into substantive acts of extortion. So yes, they were still conspiring to commit extortion at the moment they brandished the gun. So they did brandish guns in furtherance of an extortion conspiracy, but they had moved past that. They were in substantive extortion, and they weren't just in any substantive extortion. They were in the substantive extortion where they threatened physical injury to others. And that was the whole purpose of displaying the gun. That fits perfectly with the jury instruction given. And that is how the court can know that the jury necessarily found that the post-Davis crime of violence had been committed as part of the New York extortion racketeering acts. Okay. Thank you very much, Mr. Jones. We'll hear back from Mr. Zass on rebuttal. Your Honor, the government is overstating its case. It used the word, it's unquestionable that these are nine separate crimes. Well, you would think if it's unquestionable, they would cite one case from one jurisdiction, one authority. There are more of those cases, right, in Scott and Jones and Flores, where we look at the manslaughter statute. Yes. We look at the first degree robbery statute. We look at the first degree social abuse statute. I've looked at all those cases, and you'll see that the government there, the court wasn't guessing as to those being separate elements. If you do a little bit of research. The court was what? It wasn't guessing. It was looking at the structure of the statute, and then there were specific cases in New York that held that they were separate elements. So there was authority for it. There is no such authority here. At least the government hasn't identified it. If it was so unquestionable, this government doesn't mention this at all, why didn't they ask for jury instructions that told the jury that you have to find one or the other? This was just lumped as two separate theories. So it's completely inconsistent with what they're claiming now. It's inconsistent with the way the indictment was drafted. As they concede, the indictment doesn't specify any subsection of 155.40, and it doesn't specify only one theory. It specifies both theories. You can't do that if it's two crimes, and that's not something new. That's post Davis. New York law hasn't changed since Davis. That's how the statute has always been. So the idea that it's unquestionable when there's no authority. What we found are the model jury instructions, which do not break this into separate crimes. That's just an overstatement. I want to just address Harbin, where the government gave you the text of the controlled substance statute but didn't mention that there was a specific cross-reference in Harbin to an entire schedule of controlled substances all broken out in separate provisions, in separate A, Bs, and Cs, but the court held that doesn't make it divisible. There are lots of alternatives. When legislatures draft, they often put in different ways of committing a crime, but they don't mean to require the government to prove, to commit to that one theory, charge it as a separate crime in the indictment, and then make them prove it beyond a reasonable doubt. On the question of harmlessness, the government says the jury necessarily found or premised the 924C convictions not only on substantive extortion, but on a particular form of substantive extortion of threats or fear of causing physical injury. There are several important responses to that point. One is this Court's very decision in this case on direct appeal, where Judge Parker wrote that opinion, where the Court acknowledged that the evidence was stronger for the inchoate offenses, stronger than the substantive offenses, because of this dispute about whether one of the victims, Balampanis, was actually an owner of the property, which is a part of New York extortion law. The person has to be an owner. And this Court held that doesn't matter because the jury could have convicted based on a conspiracy as long as the defendants believed he was the owner. So the government is now saying, oh, it's impossible that the jury would have convicted on an inchoate theory. No, no, no, it's exactly what this Court said they may have done. And they were not required to find substantive extortion in any form because the government charged it in this peculiar way of saying that one of the predicate acts was New York extortion, which then included really three separate ways, three admittedly separate crimes, substantive extortion, conspiracy to commit extortion, attempt to commit extortion, all within one. The jury was not required to find substantive extortion at all to convict. They could have just said these guys are all working together. There's a conspiracy. There's guns all over the place. So it was possessed, brandished, in furtherance of the conspiracy. There's nothing to suggest that they necessarily or even probably connected this, not only to the substantive completed offense, which has other problems with it, too. For substantive extortion, you have to show that the person actually was actually in fear and that the culprit actually obtained the property. I think we have that argument. Very good. I know it's been a long day, but thank you for your time. Thank you very much for your argument. The case is submitted.